NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2100

_____

COUNTY OF MERCER,

Appellant

v.

UNILECT CORPORATION

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-06-cv-00799)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2010

Before: FUENTES, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: May 25, 2010)

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

    The County of Mercer, Pennsylvania appeals the District Court's summary

judgment in favor of UniLect Corporation. We will affirm.

I.

The facts of this appeal are undisputed. Because we write for the parties, we recount only that which is necessary to our decision.

In January 2001, the County contracted with UniLect to purchase multiple units of a touch-screen voting system called "the Patriot." Consistent with Pennsylvania law, 25 PA. CONS. STAT. § 3031.5(a) & (c), the Patriot was initially certified for use by the Secretary of the Commonwealth in 1994 and was recertified in 1999. The contract between Mercer and UniLect incorporated the terms of a written proposal in which UniLect provided a "certification warranty" which stated: "the products, as delivered, will conform with and perform according to the specifications required by the State of Pennsylvania as well as conform with and perform according to the specifications in this proposal and any contract arising therefrom."

UniLect delivered the Patriot voting machines in April 2001 and the County used them without incident for more than three years. In April 2005, however, the Patriot was decertified by the Secretary of the Commonwealth after failing a recertification exam. After the Patriot failed two follow-up exams, the County had to obtain new machines.

The County sued, claiming breach of express and implied warranty by UniLect. The County's implied warranty claim was dismissed by the District Court without opinion. Following discovery, the District Court granted UniLect's motion for summary

judgment on the express warranty claim, holding that the certification warranty extended only to the time of delivery. The County filed this timely appeal.[1]

## II.

Although the County appeals the District Court's judgment as to both of its warranty claims, its terse argument on the implied warranty claim demonstrates that it is derivative of the express warranty claim. Accordingly, we direct our focus to the County's argument that the District Court erred when it entered summary judgment on the Court's claim for breach of express warranty.

Under Pennsylvania law

> It is well established that the intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement. . . . Hence, where language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended.

*Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982) (citations omitted). "[A] court can grant summary judgment on an issue of contract interpretation if the contractual language being interpreted is subject to only one reasonable interpretation." *Atkinson v. LaFayette College*, 460 F.3d 447, 452 (3d Cir. 2006) (citation and quotation marks omitted). Our review of the District Court's construction of the contract is plenary. *Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 243 (3d Cir. 2008).

---

[1] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

This appeal turns on one question: did the certification warranty apply only until UniLect delivered the voting machines, or did it extend throughout their anticipated useful life? Relying upon the certification warranty's reference to "the products, as delivered," the District Court held that the warranty did not apply beyond the delivery date. We agree.

The County challenges the District Court's conclusion by arguing that the "as delivered" language referred to the *identity* of the products being delivered rather than the duration of the warranty. Put another way, the County maintains that by referring to "the products, as delivered," the contract simply clarified that only those units actually delivered would be warranted. We find the County's strained reading incompatible with the language of the contract. The phrase "*as* delivered" unambiguously refers not to the identity of the products but rather, as the District Court concluded, to their condition at the time of delivery. Although the County points to other sections of UniLect's proposal which indicate that the Patriot would have a long useful lifespan, none of these provisions suggests a contrary reading of the plain language of the certification warranty.[2]

The County also argues that if the warranty applied only up to the date of delivery, it would be left without any remedy if Pennsylvania decertified the Patriot after delivery. This contention, while true, is unavailing to the County. By contracting that the Patriot

---

[2] Because we conclude that the contractual language unambiguously limits the warranty to the time of delivery, we need not address the potential applicability of 13 PA. CONS. STAT. § 2725(b).

4

"as delivered" would comply with Pennsylvania's specifications, UniLect bore the risk of noncompliance up to the date of delivery and the County bore the risk thereafter. In hindsight, this arrangement was detrimental to the County. But at the time the deal was consummated, there was nothing so "absurd[]" about it as to require us to "endeavor to find an interpretation which will effectuate [a more] reasonable result." *Cf. Laudig v. Laudig*, 624 A.2d 651, 654 (Pa. Super. 1993) (quoting *Pocono Manor Ass'n v. Allen*, 12 A.2d 32, 35 (Pa. 1940)).

Finally, the County argues that it is unreasonable to conclude that UniLect's warranty was not prospective because the Patriot was certified at the time of delivery and its status was a matter of public record. The public nature of the certification does not alter the warranty's limiting language, however. The contract contemplated that UniLect would deliver the voting machines roughly three months after the contract was signed; by warranting certification "as delivered," UniLect protected the County from any decertification that might have occurred between the time the contract was signed and the date of delivery. The warranty also assured the County that the units to be delivered were in fact the same model as had been certified by Pennsylvania, and protected the County against any possible mistake of law as to the Patriot's status as a certified machine. Here again, there is no valid reason to diverge from the language of the parties' contract.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

5